IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
OCT 2 2 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| **LARRY HOMAN, JR.,** § | |
| *Plaintiff*, § | |
| § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| § | |
| **THE CITY OF LIVE OAK, TEXAS** § | SA08CA0861 OG |
| **AND CITY MANAGER MATTHEW** § | |
| **SMITH, IN HIS OFFICIAL AND** § | |
| **INDIVIDUAL CAPACITIES,** § | |
| *Defendants*. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF LARRY HOMAN, JR. (hereinafter "PLAINTIFF"), by and through his undersigned attorney of record, and, in accordance with the AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 626(b) and the FEDERAL RULES OF CIVIL PROCEDURE, files this, his *Original Complaint*, against DEFENDANTS THE CITY OF LIVE OAK, TEXAS and CITY MANAGER MATTHEW SMITH, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES (hereinafter collectively referred to as "DEFENDANTS"), and, for cause of action, would show unto the Court the following:

**I.
THE PARTIES**

1. PLAINTIFF LARRY HOMAN, JR. (hereinafter "PLAINTIFF") is an sixty-two-year-old citizen of the United States and a Texas resident residing at 6506 Silver Meadows, Spring Branch, Texas.

2. DEFENDANT THE CITY OF LIVE OAK, TEXAS is a Texas municipal corporation operating pursuant to the laws of the State of Texas and can be served with process by delivering a copy of this *Original Complaint* and summons to either Joseph Painter, Mayor, City of Live Oak at City of Live Oak, 8001 Shin Oak Drive, Live Oak, Texas 78233, or Debby Goza, City Secretary, City of Live Oak, also at 8001 Shin Oak Drive, Live Oak, Texas 78233. The agents and employees of DEFENDANT CITY OF LIVE OAK, TEXAS, at all times relevant hereto and in their actions described herein, were acting under color of law and under color of their authority as officials for the State of Texas and the City of Live Oak. Furthermore, at all relevant times, DEFENDANT THE CITY OF LIVE OAK, TEXAS has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of the AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§630(b), (g) and (h).

3. DEFENDANT CITY MANAGER MATTHEW SMITH (hereinafter "DEFENDANT SMITH") is an individual employed by DEFENDANT THE CITY OF LIVE OAK, TEXAS. DEFENDANT SMITH can be served with process by delivering a copy of this *Original Complaint* and to his place of employ at City of Live Oak, 8001 Shin Oak Drive, Live Oak, Texas 78233.

## II.
## JURISDICTION AND VENUE

4. PLAINTIFF, on or about January 23, 2008, timely filed a *Charge of Discrimination* against DEFENDANT with the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC), case number 451-2008-00633. A copy of the *Charge of Discrimination* is annexed to *Plaintiff's Original Complaint* as Exhibit "P-1" and is incorporated by reference as if fully set forth herein. PLAINTIFF's *Charge of Discrimination* alleged that he had been discriminated against on the basis of his age in violation of federal law.

5. PLAINTIFF, on or about July 28, 2008, received a *Dismissal and Notice of Rights* letter from the EEOC that indicated, based upon investigation, that the agency was unable to conclude that the information obtained established violations of applicable statutes. However, the EEOC did assert that "[t]his does not certify that [DEFENDANT] is in compliance with the statutes." A copy of PLAINTIFF's *Dismissal and Notice of Rights* letter is annexed to *Plaintiff's Original Complaint* as Exhibit "P-2" and is incorporated by reference as if fully set forth herein.

6. PLAINTIFF, by filing his *Charge of Discrimination* and receiving his *Dismissal and Notice of Rights*, has complied with all conditions precedent and exhausted all administrative remedies prior to filing suit. PLAINTIFF filed his *Original Complaint* within ninety (90) days of receiving his *Dismissal and Notice of Rights* letter from the EEOC.

7. PLAINTIFF asserts claims against DEFENDANT THE CITY OF LIVE OAK, TEXAS for violations of his constitutional and civil rights as guaranteed by the AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 626(b) (hereinafter "ADEA") thereby invoking the federal question jurisdiction conferred upon this Court by 28 U.S.C. § 1331.

8. PLAINTIFF, in addition to the violations of the AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 626(b) asserts pendent common law claims against DEFENDANTS for negligent supervision, training, and hiring, defamation, and intentional infliction of emotion distress.

9. Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the San Antonio Division of the Western District of Texas.

### III.
### STATEMENT OF FACTS

10. PLAINTIFF served as the Finance Director for the City of Live Oak, Texas beginning June 5, 2006 until his termination on October 1, 2007. To provide some context, PLAINTIFF'S

termination was one of a host of dismissals by the City of Live Oak in which several employees over the age of 40 were terminated by City Manager Matthew Smith. With particular regards to the instant matter, PLAINTIF was replaced by Leroy Kowalik (hereinafter "Kowalik"), an old friend of the City Manager, who happens to be in his early 40s.

11. Notably, and as further support that DEFENDANT violated PLAINTIFF'S statutory rights under the ADEA, Kowalik, PLAINTIFF'S replacement, prior to being named as the Finance Director for the City of Live Oak, purportedly had no experience whatsoever to serve in this capacity. In addition to the lack of any pertinent experience, it is upon PLAINTIFF'S information and belief that Kowalik did not file a job application as would otherwise be required by applicable hiring procedures and that no other applicants (other than Kowalik) were interviewed by City Manager Smith.

12. As already noted above, on October 1, 2007, PLAINTIFF was terminated from his position as the Finance Director for the City of Live Oak. It remains PLAINTIFF'S belief that his termination is the direct result of his age in violation of the AGE DISCRIMINATION IN EMPLOYMENT ACT.

## IV.
## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 BY DEFENDANT CITY OF LIVE OAK, TEXAS

13. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "12," inclusive, herein, and, in addition, avers that DEFENDANT'S actions constitute a violation of the AGE DISCRIMINATION IN EMPLOYMENT ACT of 1967.

14. Whenever PLAINTIFF pleads that DEFENDANT engaged in any act or omission, PLAINTIFF also pleads that DEFENDANT'S officers, agents, servants, employees, or representatives engaged in said act or omission in the course and scope of employment and with the full authorization or ratification of DEFENDANT.

15. By and through his *Original Complaint*, PLAINTIFF pleads that during the course and scope of his employment, DEFENDANT intentionally and willfully violated the provisions of the ADEA by effecting his termination in order to hire a younger replacement. PLAINTIFF avers that DEFENDANT'S unlawful and discriminatory treatment on account of his age violates the provisions of the ADEA thereby justifying an award, *inter alia*, of backpay, front pay, benefits, and compensatory and liquidated damages against the DEFENDANT. The effect of this termination has been to deprive PLAINTIFF of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

16. By and through his *Original Complaint*, PLAINTIFF pleads that because DEFENDANT violated the ADEA, he is now suffering and will continue to suffer irreparable injury and monetary damages as a result of DEFENDANT'S practices unless and until this Court grants relief.

## V.
## SECOND CLAIM FOR RELIEF

### DEFAMATORY ACTIONS BY DEFENDANT SMITH

17. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "16" inclusive, herein, and, in addition, avers that by its actions, DEFENDANT SMITH committed defamatory actions against PLAINTIFF.

18. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT published a statement of fact, that the statement referred to PLAINTIFF; that the statement was

5

defamatory; that the statement was false; that with regard to the truth of the statement, the DEFENDANT was negligent; and that PLAINTIFF suffered pecuniary injury.

19. By and through this *Original Complaint*, PLAINTIFF pleads that because of DEFENDANT'S defamatory statements, he is now suffering and will continue to suffer monetary damages as a result of DEFENDANTS' actions unless and until this Court grants relief.

## VI.
## THIRD CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT SMITH

20. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "19," inclusive, herein, and, in addition, avers that DEFENDANT'S actions constitute an intentional infliction of emotional distress.

21. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT acted intentionally or recklessly; that DEFENDANT'S conduct was extreme and outrageous; that DEFENDANT'S conduct proximately caused PLAINTIFF emotional distress; and the emotional distress suffered by PLAINTIFF was severe.

22. By and through this *Original Complaint*, PLAINTIFF pleads that he is now suffering and will continue to suffer irreparable injury and monetary damages as a result of DEFENDANT'S practices unless and until this Court grants relief.

## VII.
## FOURTH CLAIM FOR RELIEF

### NEGLIGENT HIRING, TRAINING, AND SUPERVISION BY DEFENDANT CITY OF LIVE OAK, TEXAS

23. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and

all allegations of paragraphs "1" through "22" inclusive, herein, and, in addition, avers that by its actions, DEFENDANT negligently hired, trained, and supervised the individuals in a supervisory capacity over PLAINTIFF.

24. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT possesses a duty its employees to exercise reasonable care to ensure the supervisors of those employees are properly hired, trained, and supervised. Specifically, DEFENDANT possesses a duty to exercise reasonable care to ensure its supervisors will not take any adverse actions against its subordinates in violation of federal law.

25. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT, through its negligent acts and omissions, proximately caused actions to be taken against him. PLAINTIFF is now suffering and will continue to suffer irreparable injury and monetary damages as a result of DEFENDANT'S practices unless and until this Court grants relief.

## VIII.
## DAMAGES

26. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT THE CITY OF LIVE OAK, TEXAS and its agents, employees, and representatives have caused PLAINTIFF grievous harm and damages. As a direct and proximate result of its violation of federal and state law, DEFENDANT THE CITY OF LIVE OAK, TEXAS has caused PLAINTIFF to suffer by terminating his employment. PLAINTIFF is entitled to pecuniary damages to be determined at inquest.

27. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANTS have caused him to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, low self-esteem, humiliation, belittlement, and shame. PLAINTIFF will, in all

likelihood and for the balance of his life, continue to suffer mental anguish. As such PLAINTIFF is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

28. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT CITY OF LIVE OAK, TEXAS violated PLAINTIFF's civil rights with malice or reckless indifference to his federally-protected rights. As such, PLAINTIFF is entitled to damages in an amount to be determined at inquest and at the maximum rate permitted by law.

29. PLAINTIFF was forced to secure the undersigned counsel to protect his civil rights and, therefore, requests an award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF LARRY HOMAN, JR., prays that, upon final trial on the merits, he recover judgment against DEFENDANTS said judgment entitling PLAINTIFF to:

1. Compensation for all reasonable damages suffered by PLAINTIFF in an amount to be determined upon inquest;

2. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

3. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4. All costs of court expended in this lawsuit;

5. Reasonable and necessary attorney's fees;

6. A mandatory injunction forbidding DEFENDANT from violating rights secured by the AGE DISCRIMINATION IN EMPLOYMENT ACT;

7. Such other and further legal relief, either at law or equity, to which PLAINTIFF may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.

Respectfully submitted,

THE LAW OFFICE OF VINCENT A. LAZARO
The Historic Milam Building
115 E. Travis, Suite 115
San Antonio, Texas 78205
(210) 224-2257
(210) 224-2227 (Telecopier)
ATTORNEY FOR PLAINTIFF


By: _____
   VINCENT A. LAZARO, ESQ.
   SBN: 00789440